AO 91 (Rev. 02/09)  Criminal Complaint

3/10/09 Sparks

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

Clerk, U. S. District Court
Western District of Texas

By _____
Deputy

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   A - 09 - M - 153 (1) |
| Humberto FERNANDEZ | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of   11/18/2008   in the county of   Hays   in the   Western   District of
Texas   , the defendant violated   18   U. S. C. §   Section 2
, an offense described as follows:

Aiding, or abetting, an offense against the United States, said offense being - for any person in connection with the acquisition of a firearm from a licensed firearms dealer to make any false statement intended to deceive the dealer with respect to any fact material to the lawfulness of the sale of such firearm.

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel L. Jones, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    03/10/2009

_____
*Judge's signature*

City and state:        Austin, TX

Robert Pitman, United States Magistrate Judge
*Printed name and title*

AFFIDAVIT

1.      That the affiant has been a Federal agent for over 19 years. That the affiant has been employed with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Special Agent, since July of 1990. Prior to July of 1990, the affiant was a Special Agent with the United States Department of Labor. That the affiant, as an ATF Special Agent, is empowered to make arrests, conduct investigations, and execute search and arrest warrants relative to Federal firearms offenses pursuant to Title 18 and Title 26 of the United States Code.

2.      That the affiant has been involved in hundreds of investigations involving Federal firearms violations, both as a front line agent and as a supervisory agent. That these investigations have resulted in the arrest of numerous criminal defendants and the seizure of several hundred firearms.

3.      That the affiant has personal knowledge of the facts herein set forth with the exception of the matters expressly stated to be based upon information and belief of others.

4.      That this affidavit sets forth facts that establish probable cause to arrest Humberto FERNANDEZ, DOB: 7/3/1962, for violation of Title 18, United States Code, Section 2, aiding and abetting an offense against the United States, said offense being, making false statements in the acquisition of firearms from a licensed firearms dealer, which is a violation of Title 18 United States Code, Section 922(a)(6).

5.      That the affiant is currently conducting an investigation involving alleged violations of Federal firearms laws by Humberto FERNANDEZ, a Hispanic male, DOB: 7/3/1962. FERNANDEZ is known to reside in the greater Austin area and the Country of Mexico, but his current whereabouts are unknown by the affiant. This investigation also involves subjects allegedly being recruited by and directed by FERNANDEZ to unlawfully acquire firearms from federally licensed firearms dealers.

6.      That on November 21, 2008, the affiant received information from the Cabela's store in Buda, Texas that they suspected that a subject named Yahaira BANDA, DOB: 8/5/1978, may be involved in "straw purchasing" firearms. The affiant knows that Cabela's is a federally licensed firearms dealer. BANDA had acquired three (3) firearms from the Cabela's store on November 18, 2008, under suspicious circumstances.

7.      The affiant knows that "straw purchasing" firearms involves one subject filling out firearms transaction forms to acquire firearms from a licensed firearms dealer for another subject/s who either can not pass the background check to purchase firearms or is a person/s involved in illegal activity who

does not wish to place their name on the transaction forms. The "straw purchaser" must provide a false statement on the transaction forms by stating that they are the actual purchaser of the firearm/s, when in fact they are not the actual purchaser, but are just filling out the forms for someone else who is paying for the firearms and who usually takes possession of the firearms almost immediately after they are purchased. This is a violation of 18 U.S.C., Section, 922(a)(6) and aiding, abetting, others to commit said offense would be in violation of 18 U.SC., Sections 2.

8.    That on December 10, 2008, the affiant reviewed surveillance video at the Cabela's store in Buda, Texas. The affiant was able to observe a male subject, later positively identified as Humberto FERNANDEZ, who took immediate receipt of the firearms that were bought by Yahaira BANDA on November 18, 2008. The surveillance video showed BANDA and a female companion bringing the guns that BANDA purchased outside to the parking lot of Cabela's where they were met by FERNANDEZ who placed the guns in the trunk of his car, a black in color Lexus, Texas LP# Z01KFB. The vehicle is registered to FERNANDEZ with an address in Leander, Texas. The affiant has determined through surveillance that FERNANDEZ does not live at the Leander address.

9.    That on December 10, 2008, the affiant learned that Humberto FERNANDEZ was the subject of a previous ATF investigation in 1997. This investigation was in reference to FERNANDEZ allegedly exporting firearms to Mexico without proper authority. The investigation disclosed that FERNANDEZ had purchased a large number of firearms in his name from various licensed gun stores. Criminal charges were not perfected related to this case.

10.    That the affiant has checked the Lexus vehicle registered to FERNANDEZ and learned that it has made numerous crossings into Mexico over the past several months.

11.    That the affiant reviewed gun tracing records and identified a Smith and Wesson revolver that was purchased by FERNANDEZ and subsequently recovered in a crime in Mexico in the year 2003.

12.    That pursuant to this investigation the affiant has identified no less than six (6) subjects suspected of "straw purchasing" firearms for FERNANDEZ, and one subject who is alleged to have recruited a "straw purchaser" for FERNANDEZ. These alleged straw purchasers have acquired approximately 40 firearms, several of which are of the same make and model and several of which were bought in groups of two (2) or three (3), or more at a time. It is alleged by the affiant that FERNANDEZ, who is NOT a person prohibited from purchasing firearms, recruited others to "straw purchase" the firearms so that his name would not be used on the firearms transaction forms and he would be able to traffic firearms without being detected.

13. That on February 11, 2009, the affiant interviewed Yahaira BANDA at her residence in Austin, Texas. BANDA admitted to "straw purchasing" ten (10) firearms for Humberto FERNANDEZ. BANDA was able to pick FERNADEZ'S photograph out of a photo line-up. BANDA stated that she was paid $80.00 for each gun she purchased for FERNANDEZ. She said that FERNANDEZ gave her cash to pay for the guns and that he took possession of the guns immediately after they were bought. BANDA identified at least two (2) other subjects involved in the "straw purchasing" scheme.

14. That on February 18, 2009, the affiant again spoke to Yahaira BANDA. At this time she stated that she recalled that after she made the gun purchase for FERNANDEZ on November 18, 2008, he drove to a storage locker facility near I-35 and either Hwy. 183 or Hwy. 290.

15. That on March 2, 2009, the affiant learned that Humberto FERNANDEZ has a storage unit rented in his name which is located at Public Storage, 937 Reinli Street, Austin, Texas 78751, unit number 931.

16. That on March 6, 2009, the affiant obtained a Federal search warrant for the storage locker rented by Humberto FERNANDEZ at 937 Reinli Street, Austin, Texas 78751, unit number 931. The warrant was to search for evidence of violations of 18 U.S.C., sections 2, 371 and 922(a)(6).

17. That pursuant to the execution of the search warrant, extensive evidence was found indicating that FERNANDEZ was involved in aiding and abetting the "straw purchase" of firearms in violation of Federal law.

18. ATF seized numerous empty gun boxes/cases, almost all of which had gun make, model and serial number descriptions on them. Seven (7) of the gun boxes/cases matched purchased guns that the affiant alleges were "straw purchased" by subjects for FERNANDEZ. These cases included one (1) box/case with a gun description for a Sig Sauer, Model P226 Elite, .40 cal., pistol, SN U763511. This gun description and serial number is an exact match for one of the three (3) guns that Yahaira BANDA has confessed to "straw purchasing" for FERNANDEZ.

19. Pursuant to the search on the storage locker, the affiant also found store receipts for purchases of additional firearms by additional persons suspected of "straw purchasing" firearms for FERNANDEZ.

20. The affiant found numerous items in the storage locker that had the name Humberto FERNANDEZ on them, including a stack of business cards that state, "Fernandez Imports & Exports" "HUMBERTO "MIKE" FERNADEZ" "(512) 719-4890. As mentioned above the rental agreement for the storage unit is in FERNANDEZ'S name.

21.   That your affiant has qualified as an expert on the identification of firearms and is trained in the identification of the date of manufacture and place of manufacturer of firearms and ammunition.  Your affiant knows that the firearms alleged to have been "straw purchased" for FERNANDEZ, are not made in the State of Texas.  Therefore, for the firearms to be possessed in the State of Texas they would have had to travel in interstate and/or foreign commerce.

22.   That based on the aforementioned facts stated above, the affiant has probable cause to believe that on, or about, November 18, 2008, Humberto FERNANDEZ aiding and abetted an offense against the United States in violation of Title 18 U.S.C., Section 2, said offense occurring in Hays County in the Western Judicial District of Texas.

I, the affiant, Daniel L. Jones, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Daniel L. Jones
Special Agent

Sworn and subscribed to me on this _____10th_____ day of March 2009.

ROBERT PITMAN
U.S. MAGISTRATE JUDGE